UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DAVID ROBERTS, | |
| Plaintiff, | Case No. 2:11-CV-00080-KJD-LRL |
| v. | **ORDER** |
| KEVIN R. MCCARTHY, *et al*., | |
| Defendants. | |

Presently before the Court are Defendants Rick W. Skogg ("Skogg") and Aurora Loan Services, LLC's ("Aurora") Motion to Dismiss Plaintiff's Complaint (#5) and Defendant Kevin McCarthy ("McCarthy") and Quality Loan Service Corporation's ("Quality") Joinder to Motion to Dismiss (#9).[1] Though the time for doing so has passed, Plaintiff has failed to file a response in opposition.

I.  Background and Procedural History

Plaintiff, John David Roberts ("Plaintiff"), filed his Complaint in the Eighth Judicial District Court, Clark County, Nevada on December 23, 2010.  Defendants removed this action to the United States District Court of Nevada on January 14, 2011.  Plaintiff pled in his Complaint causes of action

---

[1] Defendants Skogg, Aurora, McCarthy, and Quality are referred to collectively as Defendants, unless noted otherwise.

for quiet title, declaratory relief, and fraud.  Plaintiff styles his Complaint as one for the ancient writ of "*replevin in detinet*."  Essentially, Plaintiff asserts that Defendants cannot conduct foreclosure actions without producing the note and contest Mortgage Electronic Registration Systems' role in the mortgage lending, tracking and servicing industry.   Construing Plaintiff's *pro se* complaint liberally, Plaintiff may also assert state law causes of action such as fraud.  Defendants now seek dismissal of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Cohn v. Petsmart, 281 F.3d 837, 840 (9th Cir. 2002).  Plaintiff in his Complaint alleges that he has been damaged in the amount of $937,500.  Plaintiff seeks to void the foreclosure sale of the property, 1305 Misty Moat St., Las Vegas, NV 89117 ("the Property"), to which he and his wife formerly held title.  Aurora assumed title to the Property after the foreclosure sale.  Plaintiff seeks to void the right, title, and interest of Aurora in the Property.

This Court is permitted to take judicial notice of publicly recorded documents.  See Fed. R. Evid. 201; see also Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986).  Therefore, this Court will take judicial notice of the deed of trust (Defendants' **Exhibit A**) recorded on December 20, 2006, the notice of default and election to sell (Defendants' **Exhibit B**) recorded on July 19, 2010, the substitution of trustee (Defendants' **Exhibit C**) recorded on July 27, 2010, the assignment of the note and deed of trust (Defendants' **Exhibit D**) recorded on September 15, 2010, the certificate of completion of Nevada's Foreclosure Mediation Program (Defendants' **Exhibit E**) recorded on November 4, 2010, the notice of trustee's sale (Defendants' Exhibit F) recorded on November 23, 2010, and the trustee's deed (Defendants' **Exhibit G**) recorded on December 17, 2010.

On or about September 1, 2006, Plaintiff and his wife borrowed $937,500, which the lender secured by means of a first deed of trust on 1305 Misty Moat Street, Las Vegas, NV 89117 ("the Property").  Mortgage Electronic Registration Systems, Inc. ("MERS") was the nominee for the lender and the nominee beneficiary under the Deed of Trust.

On or about July 19, 2010, a notice of default and election to sell was recorded. According to the notice of default and election to sell, Plaintiff had been in default under the loan since March 1, 2010. On July 27, 2010, Quality Loan Service Corporation ("Quality") recorded a substitution of trustee agreement, wherein Quality was made trustee in place of the original trustee, Lenders First Choice.

On September 7, 2010, the note and the Deed of Trust were assigned to Aurora. On November 4, 2010, Quality recorded a certificate that memorialized that Plaintiff had waived his right to mediation under Nevada's Foreclosure Mediation Program. Quality, as trustee, was granted permission to foreclosure on the Property. On November 23, 2010, Quality recorded a notice of trustee's sale. On December 17, 2010, Aurora recorded a trustee's deed, which recognized that Aurora assumed title to the Property after the foreclosure sale.

II.  Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P 8(a)(2). According to the Supreme Court, in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.. at 1249 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation' of the elements of a cause of action will not do." Id. (quoting Twombly, at 555).

A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, at 557). To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Id. (quoting Twombly, at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. (quoting Twombly, at 556). Factual allegations are assumed true, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.,

at 129 S.Ct. 1949-50 (quoting Twombly, at 555).; see also, Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

III.  Analysis

    A.  Plaintiff's Claims Against Skogg and McCarthy in Their Individual Capacities

    Plaintiff in his Complaint has named Skogg and McCarthy as defendants in their individual capacities.  Skogg is the president of Aurora.  McCarthy is the president of Quality.  Plaintiff has pled no facts demonstrating that Skogg or McCarthy have any personal connection to this matter.  Skogg is merely the president of the company that held Plaintiff's loan and that assumed title to the Property after the foreclosure sale.  McCarthy is the president of Quality, which was the company that acted as trustee.  Neither McCarthy nor Skogg claim any interest in the Property.  Pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6), this Court dismisses Plaintiff's Complaint against Skogg and McCarthy.

    B.  Plaintiff's Claim for Fraud

    Plaintiff in his Complaint alleges a cause of action for fraud asserting that the assignment of the deed of trust, substitution of trustee, notice of default and election to sell, and notice of trustee's sale were allegedly invalid.  Plaintiff does not plead facts showing why these documents were invalid, what statements contained were false statements of fact, or how he relied on them to his detriment.  At bottom, his fraud claim appears to be an attack on MERS and the lending industry in general.

    Federal Rule of Civil Procedure 9(b) provides that all "circumstances constituting the fraud . . . shall be stated with particularity." Berry v. Valence Tech., Inc., 175 F.3d 699, 706 (9th Cir. 1999).  Averments of fraud must be specific enough to put a defendant on notice of the particular misconduct the defendant is alleged to have committed in order to properly defend against the allegations.  Vess v. Ciba-Geigy Corp USA, 317 F.3d 1097, 1104 (9th Cir. 2003).  A plaintiff is required to plead the time, place and substance of the fraud and specifically detail the defendant's allegedly wrongful acts, including when they occurred and who engaged in the misconduct.  See,

1  e.g., Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997); In re GlenFed, Inc., Sec. Litig., 42 F.3d
2  1541, 1547-49 (9th Cir. 1994); Spencer v. DHI Mortgage, Inc., 642 F. Supp. 2d 1153, 1164 (E.D.
3  Cal. 2009) (dismissing fraud claim under Rule 9(b); "[A] Plaintiff asserting fraud against a corporate
4  [entity] must allege the names of the persons who made the allegedly fraudulent representations, their
5  authority to speak, to whom they spoke, what they said or wrote, and when it was said or written")
6  (internal quotation omitted).

7       Plaintiff's vague, conclusory allegation does not meet Federal Rule of Civil Procedure 9(b)'s
8  heightened pleading standard.  Plaintiff fails to allege which particular person committed what
9  alleged wrongful act, when it took place, and where.  Plaintiff also fails to describe how any conduct
10 purportedly undertaken by Defendants was fraudulent.  Plaintiff merely alleges that the foreclosure
11 documents recorded with the Clark County Recorder's Office were fraudulent without explaining
12 why.  Plaintiff's claim for fraud is dismissed as to all Defendants.  Furthermore, Plaintiff has failed to
13 oppose Defendant's motion to dismiss and therefore granting Plaintiff leave to amend would be
14 futile.

15      C.  Plaintiff's Claim for Wrongful Foreclosure

16      Pursuant to Nev. Rev. Stat. §107.080, a trustee has the power to commence foreclosure
17 proceedings on behalf of the beneficiary to the deed of trust.  Plaintiff improperly attacks the
18 foreclosure process by asserting that Quality did not have standing to enforce the deed of trust
19 because it was appointed by MERS as trustee.  Plaintiff's assertions are contrary to established
20 precedent in this federal district.

21      This issue was recently addressed in detail in Gomez v. Countrywide Bank FSB, et al.,
22 No.2:09-cv-1489, Doc. No. 19 (D.Nev. October 26, 2009). As this Court held in Gomez, "the . . .
23 definition of nominee indicates that a nominee is a limited agent. In the context of a nominee on a
24 deed of trust, this clearly implies that the nominee is granted authority as an agent to act on behalf of
25 the nominator (holder of the promissory note) as to administration of the deed of trust" Id., at 2:23-
26 3:1. MERS "does have standing as an agent of the beneficiary where it is the nominee of the lender

5

(who is the "true" beneficiary)" Id., at 4:20-21 (emphasis added); (citing Gerald Korngold, LEGAL AND POLICY CHOICES IN THE AFTERMATH OF THE SUBPRIME AND MORTGAGE FINANCING CRISIS, 60 S.C. L. Rev. 727, 741-43 (2009); Carol Mills & Brian Langford, RECENT BANKRUPTCY DECISIONS EXPOSE PITFALLS AND OPPORTUNITIES, Advocate, Idaho State bar (June/July 2009)).  Other Nevada cases -- in State and Federal Court -- have also upheld the propriety of MERS's role as nominee-beneficiary.  See, e.g., Ramos v. Mortgage Electronic Registration Systems, Inc., No. 2:08-CV-1089, Doc. No. 21 at 7 (D. Nev. Mar. 5, 2009) ("[U]nder the deed of trust, MERS was empowered to foreclose on the property and to appoint [another defendant] as substitute trustee for purpose of conducting the foreclosure.").

      Plaintiff's principal contention -- i.e., that Quality lacked standing such that foreclosure is improper -- fails as a matter of law.  As demonstrated above, a lender is permitted to nominate MERS as nominee under the deeds of trust securing Plaintiff's note.  As the lender's nominee, MERS was permitted to substitute Quality as successor trustee.  Quality as trustee was permitted under Nevada law to begin and complete foreclosure proceedings due to Plaintiff's default on his home loan.  NEV. REV. STAT. § 107.080.  Plaintiff does not allege that he is not in default on his payment obligations on his home loan. Therefore, Plaintiff's attempt to attack the foreclosure process based on MERS' participation as nominee of the lender must fail.

      D.  Aurora is Not Required to Produce the Original Note

      This Court has recognized that a trustee does not have to produce a copy of the note.  Courts in this district have repeatedly rejected claims by plaintiffs asserting a duty by the lender [prior to foreclosure] to provide the original note under the U.C.C. to prove its holder in due course status. Ritter v. Countrywide Home Loans, Inc., 2010 WL 3829378, *2-3 (D. Nev. September 24, 2010); Dzvonick v. JPMorgan Chase, 2010 WL 4703675, *2 (D. Nev. November 12, 2010); Wayne v. Homeq Servicing, Inc., 2008 WL 4642595, *3-4 (D. Nev. October 16, 2008).  Neither Aurora, the beneficiary under the deed of trust and assignee of the note, nor Quality as trustee under the Deed of Trust, were required to produce the original promissory note prior to foreclosure.

1  Plaintiff's admitted default triggered the trustee's power of sale.  Nevada law bestows the
2 power of sale on the trustee "after a **breach of the obligation** for which the transfer is security."
3 NEV. REV. STAT. § 107.080(1) (emphasis added).  Chapter 107, however, does not require the trustee
4 (or anyone else) to physically posses and display the promissory note as a prerequisite to exercise of
5 the power of sale.  Absent such a statutory mandate, it would be inappropriate to read such a
6 requirement into the law, especially when there is no dispute that Plaintiff defaulted under the loan.
7 This foreclosure on the Property was conducted consistent with Chapter 107.
8  E.  Plaintiff's Claim for the Remedy of Declaratory Relief
9  Plaintiff's claim for declaratory fails as a matter of law.  The declaratory relief claim is merely
10 derivative of Plaintiff's substantive claims for relief.  Because Defendants have demonstrated above
11 that Plaintiff's other claims fail to state cognizable claims for relief, the derivative claim for
12 declaratory relief also must be dismissed.
13 IV.  Conclusion
14  Accordingly, IT IS HEREBY ORDERED that McCarthy and Quality's Joinder to Motion to
15 Dismiss (#9) is **GRANTED**;
16  IT IS FURTHER ORDERED that Skogg and Aurora's Motion to Dismiss Plaintiff's
17 Complaint (#5) is **GRANTED**.
18  DATED this 8th day of April 2011.

_____
Kent J. Dawson
United States District Judge